Curia, per

Wardlaw, J.
The opinion which has just been pronounced in the case of Chancellor and others vs. Law and Windham, shows the reasons upon which this case has been decided ; and in some parts is exclusively applicable to this. Here, as there, the intention is clear, the deed has been recorded, and the subsequent acts of the parties have been conformable to the effect they intended to produce. Here considerations both good and valuable are expressed in the deed ; and the clause which in the opinion of the Judge on the Circuit prevented the deed from being construed as a covenant to stand seized, does not appear to this court to have any such influence.
*173 If it was understood' that no right or title should vest in the sons during the mother’s life, it was equally understood that it should vest in them at her death, without any contingency by which the vesting might be prevented. How could this be, unless a remainder to take effect at the death, was to be in them by the deed? The plain meaning of the parties was, that the use, the possession and profits, which we call the legal estate, should be in her during her life, and in them at her death. To effect the intention, the deed must be construed as a covenant by .the mother to stand seized for herself during her life, and for her sons at her death; under which, by force of the statute of uses, the uses arising were instantly converted into a life estate in her and a vested remainder in her sons. -
A new trial is therefore ordered.
Richardson, O’Neall, Butler, and Frost, JJ. concurred.